Ryan Lee, Esq. (SBN 235879)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
MARCUS MOORE

**FILED**

FEB – 6 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| MARCUS MOORE, | Case No.: **C13-0523** |
| Plaintiff, | **COMPLAINT** |
| v. | **(Unlawful Debt Collection Practices)** |
| BRIDGEPORT FINANCIAL, INC. | |
| Defendant. | |

## VERIFIED COMPLAINT

MARCUS MOORE (Plaintiff), by attorneys, KROHN & MOSS, LTD., alleges the following against BRIDGEPORT FINANCIAL, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court

- 1 -

without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Hayward, Alameda County, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company with an office in San Francisco, California.

## FACTUAL ALLEGATIONS

10. In or around November of 2012, Defendant placed collection calls to Plaintiff seeking and demanding payment for a debt.

11. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

12. Defendant called Plaintiff's telephone number at 510-825-81XX.

13. In or around November of 2012, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* Exhibit A.

14. In the voicemail message, Defendant's representative, "Roger Young" failed to meaningfully disclose the nature of the call or state that the call was from a debt collector. *See* Exhibit A.

//

PLAINTIFF'S COMPLAINT

15. In the voicemail message, Defendant's representative, "Roger Young", directed Plaintiff to call him back at 1-800-817-8565, which is a number that belongs to Defendant. *See* Exhibit A.

16. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

    b. Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

    c. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the call was from a debt collector.

WHEREFORE, Plaintiff, MARCUS MOORE, respectfully requests judgment be entered against Defendant, BRIDGEPORT FINANCIAL, INC. for the following:

18. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as

PLAINTIFF'S COMPLAINT

the allegations in Count II of Plaintiff's Complaint.

22. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.* to wit: Section 1692e.

WHEREFORE, Plaintiff, MARCUS MOORE, respectfully requests judgment be entered against Defendant, BRIDGEPORT FINANCIAL, INC. for the following:

23. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

24. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

25. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,

DATED:  January 31, 2013          KROHN & MOSS, LTD.

By: _____

                  Ryan Lee
            Attorney for Plaintiff

PLAINTIFF'S COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, MARCUS MOORE, states as follows:

1.  I am the Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MARCUS MOORE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 12-6-2012          _Marcus Moore_
                              MARCUS MOORE

-5-

PLAINTIFF'S COMPLAINT

**EXHIBIT A**

Hello my name is "Roger Young" I'm with Bridgeport Financial. I have an item that needs your immediate attention. Please call me back at 800-817-8565. Once again this item is uh pending and it needs your attention. Call me back at 800-817-8565.